UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BELUCA VENTURES LLC, et al., | Case No. 21-cv-06992-WHO |
| Plaintiffs, | |
| | **ORDER DENYING MOTION TO DISMISS QUASI-CONTRACT CLAIMS, GRANTING MOTION TO DISMISS PUNITIVE DAMAGES REQUEST, AND DENYING MOTION TO STRIKE UNAUTHORIZED AMENDMENTS** |
| v. | |
| EINRIDE AKTIEBOLAG, | |
| Defendant. | |
| | Re: Dkt. No. 54 |

### INTRODUCTION

Plaintiffs Beluca Ventures LLC and its founder Christian Lagerling bring a host of contract and quasi-contract claims against defendant Einride Aktiebolag arising from a purported oral contract from almost two years ago.  I previously dismissed the quasi-contract claims with leave to amend because Beluca had not sufficiently pleaded them.  Einride insists that the quasi-contract claims remain defective and that punitive damages are unavailable as a matter of law.  It has also moved to strike certain purportedly unauthorized amendments added to the breach of contract claims in the First Amended Complaint.

For the reasons set forth below, I **DENY** Einride's motion to dismiss the quasi-contract claims because I find that they are sufficiently alleged in the alternative.  I **DENY** its motion to strike because there are no unauthorized amendments: the new allegations regarding the date of the agreement apply equally to the quasi-contract claims, which Beluca was given leave to amend. But I **GRANT** its motion to dismiss the punitive damages request because these damages are unavailable in this contract dispute as a matter of law.[1]

---

[1] Oral argument was not necessary.  *See* Civ. L.R. 7-1(b).

United States District Court
Northern District of California

## FACTUAL BACKGROUND

The First Amended Complaint makes the following allegations, which I accept as true for purposes of the motion to dismiss. Beluca Ventures LLC (collectively with Lagerling, "Beluca") is a California technology consulting and development limited liability company that provides expert technology, financial, and operating services to companies in a range of industries. First Amended Complaint ("FAC") [Dkt. 51] ¶ 17. Christian Lagerling is Beluca's founder and chief executive officer. *Id.* ¶ 11. He is also currently its single member. *Id.* Einride is an international private company in the business of electronic and autonomous transportation and cargo transportation, with its headquarters in Stockholm, Sweden. *Id.* ¶ 19.

According to the FAC, in the fall of 2020, Einride needed "a significant infusion of additional funds to continue its business and spur additional growth []." *Id.* ¶ 20. Einride initially decided to seek funding from European-based private family office investors with whom Einride's chairman had previously worked. *Id.* ¶ 21. After "months of failure" where Einride failed to secure funding from any European offices, "Einride was facing an existential need for new funding and burning through its remaining runway." *Id.* ¶ 23.

Against this backdrop of rapidly dwindling funds, Einride's founder, CEO, and largest investor Robert Falck called Christian Lagerling on or about December 15, 2020 or December 16, 2020, while Lagerling was in Tiburon. *Id.* ¶ 25. During the phone conversation, Falck told Lagerling that they needed to raise at least 50 million euros "as soon as possible, but certainly within the next five months," and that they "would like to raise much more for the Series B round." *Id.* ¶ 26. As part of the phone conversation, Falck and Lagerling allegedly negotiated a new agreement for Beluca to provide fundraising leadership and assistance for the Series B round. *Id.* ¶ 25. The terms of this alleged agreement were "significantly better" for Einride than industry norms: Beluca would receive 2.5% of the funds raised from a new lead investor; 1% of the funds raised from other new investors; an advance retainer of $10,000 a month; and would not take payment for additional funds raised from existing Einride investors. *Id.* ¶ 27.

Following this phone conversation, Beluca led the Series B fundraising efforts for Einride. *Id.* ¶ 28. As part of this process, Beluca and Lagerling worked closely with Einride,

2

1   including "nearly daily communication" with Einride's CEO and CFO regarding fundraising

2   progress and strategy.  *Id.*

3       Einride raised $110 million in its Series B financing round that officially closed in May

4   2021.  *Id.* ¶¶ 6, 31.  On May 6, 2021, Lagerling sent a rough calculation of Beluca's earned

5   compensation pursuant to the alleged December 2020 oral agreement to Einride via text message.

6   *Id.* ¶ 8.  Einride's CEO allegedly "ratified this calculation according to the agreement and

7   affirmatively confirmed via written response and indicated that Beluca should send an invoice

8   reflecting those amounts."  *Id.* ¶ 8.  Yet Einride refused to pay.  *Id.* ¶ 9.

9       To date, Einride has not paid Beluca for its work pursuant to the alleged oral agreement

10   from December 2020.  *Id.* ¶ 35.  According to Beluca, Einride owes 844,862 euros pursuant to the

11   agreement.  *Id*. ¶ 37.  Beluca asserts that Einride has been "unjustly enriched" not only by that

12   amount, but also by the "roughly $4.5 million to $5.5 million" in additional compensation Einride

13   would have had to pay for the fundraising efforts for the Series B financing "had it hired someone

14   else at industry standard rates to raise funds."  *Id.*

15                                    **PROCEDURAL BACKGROUND**

16       Beluca filed its complaint against Einride and its U.S.-based subsidiary, Einride US, in

17   Marin County Superior Court, bringing six causes of action: breach of contract, breach of the

18   covenant of good faith and fair dealing, conversion, unjust enrichment, quantum meruit, and

19   promissory estoppel.  *See* Complaint ("Compl.") [Dkt. 1-1].  Einride removed on the basis of

20   diversity jurisdiction and, after I denied its motion to compel arbitration, filed an answer,

21   affirmative defenses, and counterclaims that in part sought a declaratory judgment that the alleged

22   December 2020 oral agreement claimed between Beluca and Lagerling was void and

23   unenforceable because: (1) Einride AB's "Lead Investors did not provide prior written approval of

24   the alleged December 15, 2020 oral agreement," and (2) "Einride AB's CEO is not authorized to

25   enter into major agreements without the approval of the board."  *See* Answer and Counterclaims

26   [Dkt. 32] ¶¶ 25, 33.

27       Einride then moved for judgment on the pleadings on all of the quasi-contract and

28   conversion claims alleged against it.  *See* Motion for Judgment on the Pleadings ("MJOP") [Dkt.

United States District Court
Northern District of California

United States District Court
Northern District of California

1    41].  It did not seek judgment as to the two breach of contract claims.  MJOP at 1.  I granted

2    Einride's motion and dismissed Beluca's claims for unjust enrichment, quantum meruit,

3    promissory estoppel, and conversion with leave to amend.  *See* Order Granting Motion to

4    Judgment on the Pleadings ("August 19, 2022 Order") [Dkt. 48].

5         On September 8, 2022, Beluca filed the FAC, which included new allegations regarding

6    both the breach of contract and quasi-contract claims.  [Dkt. 51].  Einride moved to dismiss the

7    quasi-contract claims and Beluca's request for punitive damages and to strike certain purportedly

8    unauthorized allegations pertaining to the breach of contract claims.  *See* Motion to Dismiss

9    Quasi-Contract Claims and Punitive Damages Request and to Strike Unauthorized Amendments

10   ("Mot.") [Dkt. 54].  The matter is fully briefed and ready for disposition.

**LEGAL STANDARD**

**I.    MOTION TO DISMISS UNDER RULE 12(b)(6)**

13        Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint

14   if it fails to state a claim upon which relief can be granted.  To survive a Rule 12(b)(6) motion to

15   dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its

16   face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim is facially plausible when

17   the plaintiff pleads facts that "allow[] the court to draw the reasonable inference that the defendant

18   is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation

19   omitted).  There must be "more than a sheer possibility that a defendant has acted

20   unlawfully."  *Id.*  While courts do not require "heightened fact pleading of specifics," a plaintiff

21   must allege facts sufficient to "raise a right to relief above the speculative level."  *Twombly*, 550

22   U.S. at 555, 570.

23        In deciding whether a claim has been stated upon which relief can be granted, the court

24   accepts all factual allegations as true and draws all reasonable inferences in favor of the

25   plaintiff.  *Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987).  "[A]llegations that are

26   merely conclusory, unwarranted deductions of fact, or unreasonable inferences," however, need

27   not be "accept[ed] as true."  *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008)

28   (internal quotation omitted).

4

1    If the court dismisses a complaint, it "should grant leave to amend even if no request to

2  amend the pleading was made, unless it determines that the pleading could not possibly be cured

3  by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (quoting

4  *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)).  In making this determination, the court

5  should consider factors such as "the presence or absence of undue delay, bad faith, dilatory

6  motive, repeated failure to cure deficiencies by previous amendments, undue prejudice to the

7  opposing party and futility of the proposed amendment." *Moore v. Kayport Package Express*, 885

8  F.2d 531, 538 (9th Cir. 1989) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

9  **II.      MOTION TO STRIKE UNDER RULE 12(f)**

10    Federal Rule of Civil Procedure 12(f) provides that a court "may strike from a pleading an

11  insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  Fed. R.

12  Civ. P. 12(f).  The function of a motion to strike under Rule 12(f) is to avoid the expenditure of

13  time and money that must arise from litigating spurious issues by dispensing of those issues before

14  trial. *See Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other*

15  *grounds*, 510 U.S. 517 (1994) (citation omitted).  Motions to strike "are generally disfavored

16  because they are often used as delaying tactics and because of the limited importance of pleadings

17  in federal practice." *Rosales v. Citibank*, 133 F. Supp. 2d 1177, 1180 (N.D. Cal. 2001).  In most

18  cases, a motion to strike should not be granted unless "the matter to be stricken clearly could have

19  no possible bearing on the subject of the litigation." *Platte Anchor Bolt, Inc. v. IHI, Inc.*, 352 F.

20  Supp. 2d 1048, 1057 (N.D. Cal. 2004).

21    In addition, courts often require some showing of prejudice by the moving party before

22  granting a motion to strike. *Hernandez v. Dutch Goose, Inc.*, No. 13-cv-03537-LB, 2013 WL

23  5781476, at *5 (N.D. Cal. Oct. 25, 2013).  In resolving a motion to strike, the pleadings must be

24  viewed in the light most favorable to the nonmoving party. *Platte Anchor Bolt*, 352 F. Supp. 2d at

25  1057.  "Any doubt concerning the import of the allegations to be stricken weighs in favor of

26  denying the motion to strike." *Park v. Welch Foods, Inc.*, No. 12-cv-06449-PSG, 2014 WL

27  1231035, at *1 (N.D. Cal. Mar. 20, 2014).

28

United States District Court
Northern District of California

**DISCUSSION**

Einride raises three issues in its motion. First, it maintains that the quasi-contract claims remain insufficiently pleaded and asks me to dismiss these claims with prejudice. Mot. at 1. Second, it seeks to strike Beluca's new allegations that the alleged oral contract took place "on or about" December 15, 2020, "or December 16, 2020," as opposed to on December 15, 2020. *Id*. at 2. Third, it seeks to dismiss Beluca's request for punitive damages, which it contends are unavailable as a matter of law. *Id.* at 1. I address each topic in turn.

## I.  QUASI-CONTRACT CLAIMS

As I explained in my previous order, Beluca may alternatively plead both a breach of contract claim and a quasi-contract claim, so long as Beluca pleads facts suggesting that the contract may be unenforceable or invalid. *See* August 19, 2022 Order at 5; *see also Brodsky v. Apple Inc.*, 445 F. Supp. 3d 110, 133–34 (N.D. Cal. 2020) ("A plaintiff may not plead the existence of an enforceable contract and simultaneously maintain a quasi-contract claim unless the plaintiff also pleads facts suggesting that the contract may be unenforceable or invalid.") (citation omitted). Because Beluca had previously failed to allege any facts suggesting that the oral agreement may be unenforceable or void, I dismissed the quasi-contract claims with leave to amend so that it could make this showing. *See* August 19, 2022 Order at 6.

In the FAC, Beluca alleges that Einride disputes the validity of the oral contract and cites facts—asserted by Einride—which support Einride's view that the alleged contract is invalid:

> In Defendants' Answer and Counterclaims to Beluca's original Complaint filed in this action, Defendants have disputed the validity of the oral contract between the parties. Defendants have asserted that the oral contract between the parties is 'void and unenforceable' because (1) Einride AB's 'Lead Investors did not provide prior written approval of the alleged December 15, 2020 oral agreement,' and (2) 'Einride AB's CEO is not authorized to enter into major agreements without the approval of the board.' Answer and Counterclaims ¶¶ 25, 33, 39.

*See* FAC ¶ 38. In Einride's view, such allegations are deficient because Beluca has merely pointed out that *Einride* disputes the validity of the alleged oral contract; Beluca has not pleaded facts showing that the alleged oral agreement may be invalid. Reply at 2. This argument elevates

form over function.  Even though Beluca framed its allegations through the lens of *Einride's* challenges to the contract, rather than adopting Einride's reasons as its own, Beluca pointed to specific facts alleged in Einride's Answer and Counterclaims which suggest that the alleged oral contract may be unenforceable or invalid.  *See* FAC ¶ 38.

Beluca has sufficiently pleaded its quasi-contract claims.  Einride's motion to dismiss on this ground is **DENIED.**

## II.     UNAUTHORIZED AMENDMENTS

Einride also seeks to strike Beluca's newly alleged date range for the alleged oral contract because it was purportedly alleged without leave of court.  Mot. at 6.  Einride is correct that I did not expressly give Beluca leave to amend its breach-of-contract claims.  But because the allegations regarding the date of the alleged conversation fall within the scope of my previous order, the amendment was neither unauthorized nor improper.

In the previous complaint, Beluca alleged that it entered into an oral contract with Einride on December 15, 2020.  *See, e.g.*, Compl. ¶ 27 ("Defendant Einride reached out to Beluca in Tiburon, California, on December 15, 2020, and contracted with Beluca . . ."); *id.* ¶ 29 ("Einride, through Falck, reached this agreement with Beluca, through Lagerling, located in Tiburon, California, via telephone on December 15, 2020.").  The FAC, on the other hand, alleges that the contract was formed "on or about December 15, 2020 or December 16, 2020."  FAC ¶¶ 26, 28.  Einride contends that this "change [to] the factual theory underlying [the] breach-of-contract claims" is improper and prejudicial.  Mot. at 2, 6; Reply at 6.

This is a specious argument on its face.  Given the oral nature of the communication, "on or about" pleading is sufficiently definite and not a material deviation from the original complaint.  It is proper.  And given the still early stage of this litigation, there is no prejudice to Einride.  Further, the alleged date in which Lagerling spoke to Falck is relevant to both the quasi-contract *and* breach of contract claims.  By way of example, take the promissory estoppel claim.  To prevail in its promissory estoppel claim, Beluca must show, among other things, "a clear promise."  *See Poway Royal Mobilehome Owners Assn. v. City of Poway*, 149 Cal. App. 4th 1460, 1471 (2007) (listing elements for a promissory estoppel claim); *see also* FAC ¶ 68 (alleging that

Einride made "clear and unambiguous oral promises that it would pay Beluca").  The conversation between Lagering and Falck in December 2020 in which the alleged promise was made is at the heart of Beluca's breach of contract and promissory estoppel claim.  As a result, Beluca's factual allegations regarding the alleged contract, including the date of formation, undergird both of Beluca's legal theories.  I **DENY** the motion to strike the "unauthorized amendments."

### III.     PUNITIVE DAMAGES

The last question is whether Beluca may seek punitive damages.  Beluca may not: Punitive damages are not available for breach of contract or quasi-contract claims.

"Under California law . . . a party cannot collect punitive damages for breach of contract awards." *BladeRoom Grp. Ltd. v. Emerson Elec. Co.*, 20 F.4th 1231, 1247 (9th Cir. 2021) (citing *Applied Equip. Corp. v. Litton Saudi Arabia Ltd.*, 7 Cal. 4th 503, 516 (1994)).  Nor are punitive damages available for quasi-contract claims.  *See, e.g.*, *Summit Est., Inc. v. Cigna Health & Life Ins. Co.*, No. 20-cv-04697-EJD, 2022 WL 958380, at *5 (N.D. Cal. Mar. 30, 2022) (holding that punitive damages are not recoverable as damages for promissory estoppel); *CalFarm Ins. Co. v. Krusiewicz*, 131 Cal. App. 4th 273, 277 (2005) ("Punitive damages are not recoverable under a claim of promissory estoppel."); *Smith v. Weeknd*, No. 19-cv-2507, 2019 WL 6998666, at *6 (C.D. Cal. Aug. 23, 2019) (finding that an unjust enrichment claim does not allow for punitive damages).

Beluca argues that it is entitled to seek punitive damages based on Einride's breach of the implied covenant of good faith and fair dealing cause of action.  Opp. at 1, 12.  Beluca cites a single insurance case, *San Jose Production Credit Ass'n v. Old Republic Life Insurance Co.*, in support of its theory that punitive damages are available for breaches of the implied covenant of good faith and fair dealing claim where the defendant acts with oppression, fraud, or malice.  *See id.* at 12.  But the California Supreme Court has made clear that "[i]n the absence of an independent tort, punitive damages may not be awarded for breach of contract even where the defendant's conduct in breaching the contract was wilful, fraudulent, or malicious." *Applied Equip. Corp*, 7 Cal. 4th at 516 (citation and internal quotation marks omitted).  There is a narrow exception to this rule for breach of the covenant of good faith for *insurance* contracts.  *See Foley*

1    *v. Interactive Data Corp.*, 47 Cal.3d 654, 684 (1988) (describing the insurance contract exception

2    to the general rule that compensation for breach of the good faith covenant "has almost always

3    been limited to contract rather than tort remedies"). *San Jose Production Credit Ass'n* involved an

4    insurance contract. *See* 723 F.2d 700, 702–03 (9th Cir. 1984). The present case does not. As a

5    result, Beluca is categorically barred from seeking punitive damages for its breach of contract or

6    quasi-contract claims.

7         Beluca also asserts that a motion to dismiss is the wrong procedural vehicle to challenge its

8    demand for punitive damages. Opp. at 13. To the extent that it suggests that a motion to strike is

9    more appropriate, Beluca is wrong. The Ninth Circuit has held that Rule 12(f) "does not authorize

10   a district court to strike a claim for damages on the ground that such damages are precluded as a

11   matter of law." *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 971 (9th Cir. 2010). Courts

12   in this District have extended this rule to requests for punitive damages. *See Rees v. PNC Bank,*

13   *N.A.*, 308 F.R.D. 266, 272–73 (N.D. Cal. 2015) (denying motion to strike because "Defendants'

14   first argument—that [p]laintiffs cannot recover punitive damages as a matter of law—fails because

15   it is expressly precluded by the Ninth Circuit's holding in *Whittlestone, Inc. v. Handi–Craft Co.*");

16   *Harvey v. Bank of Am., N.A.*, 906 F. Supp. 2d 982, 996 (N.D. Cal. 2012) (applying *Whittlestone*

17   and denying defendant's Rule 12(f) motion to strike the portions of Plaintiff's amended complaint

18   that mention punitive damages); *Edwards v. FCA US LLC*, No. 22-cv-01871-WHO, 2022 WL

19   1814144, at *8 (N.D. Cal. June 2, 2022) (applying *Whittlestone* and denying motion to strike

20   punitive damages). Because Einride contends that punitive damages are unavailable as a matter of

21   law, a motion to dismiss—not strike—is procedurally proper. *See Linares v. CitiMortgage, Inc.*,

22   14-cv-3435-EMC, 2015 WL 2088705, at *8 (N.D. Cal. May 5, 2015) (construing Rule

23   12(f) motion to strike punitive damages as motion to dismiss under Rule 12(b)(6) in light of

24   *Whittlestone*).

25        In short, Beluca is wrong about the procedure and the law. Procedurally, Einride properly

26   sought to dismiss Beluca's punitive damages request under Rule 12(b)(6). Substantively, Beluca

27   is not entitled to seek these damages. As a result, I **GRANT** Einride's motion to dismiss the

28   punitive damages request.

United States District Court
Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CONCLUSION**

For the foregoing reasons, I **DENY** Einride's motion to dismiss the quasi-contract claims and to strike the purportedly unauthorized amendments.  I **GRANT** its motion to dismiss the punitive damages request.

**IT IS SO ORDERED.**

Dated: November 28, 2022

William H. Orrick
United States District Judge